1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

| | |
|---|---|
| ROSSATTY GILBERTO G., | ) 1:11-cv-00273 MJS HC |
| Petitioner, | ) |
| | ) ORDER GRANTING RESPONDENT'S |
| v. | ) MOTION TO DISMISS |
| | ) |
| | ) [Doc. 6] |
| ERIC H. HOLDER, JR., | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

16

17

_____Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

18

19

20

21

22

23

It appears from the petition that Petitioner was ordered removed from the United States to the country of Guatemala. (Pet. at 1, ECF No. 1) In his Petition, Petitioner is challenging both the denial of relief from removability pursuant to former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), and his eligibility for a bond hearing before an Immigration Judge pursuant to Casas-Castrillon v. Dept. Of Homeland Security,535 F.3d 942 (9th Cir. 2008).

24

25

26

27

28

The Court lacks jurisdiction to review this petition under the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231 (May 11, 2005). Pursuant to the REAL ID Act, judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals, and the district courts no longer have jurisdiction to review such orders. Therefore, the exclusive means of asserting a challenge to a final order of removal and matters dependent

1   thereon, is to file a petition for review in the appropriate court of appeals. 8 U.S.C. § 1252(a)(5)

2   ("a petition for review filed with an appropriate court of appeals in accordance with this section

3   shall be the sole and exclusive means for judicial review of an order of removal entered or

4   issued under any provision of this chapter...."); <u>Garcia de Rincon v. Dep't of Homeland Sec.</u>,

5   539 F.3d 1133, 1140 (9th Cir. 2008) ("RIDA amended § 1252(b)(9) of the INA to vest the

6   circuit courts with exclusive habeas jurisdiction over petitions challenging final orders of

7   removal."); <u>see also</u> 8 U.S.C. § 1252(g) ("Except as provided in this section and

8   notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause

9   or claim by or on behalf of any alien arising from the decision or action by the Attorney General

10  to commence proceedings, adjudicate cases, or execute removal orders against any alien

11  under this chapter.").

12      Although the REAL ID Act eliminated district court habeas corpus jurisdiction over

13  orders of removal, "the REAL ID Act's jurisdiction stripping provisions ... do[ ] not apply [if the]

14  claim is not a direct challenge to an order of removal." <u>Puri v. Gonzales</u>, 464 F.3d 1038, 1041

15  (9th Cir. 2006); <u>see also Singh v. Gonzales</u>, 499 F.3d 969, 979 (9th Cir. 2007) (holding that

16  "both §§ 1252(a)(5) and 1252(b)(9) apply only to those claims seeking judicial review of orders

17  of removal"). In <u>Singh</u>, the Ninth Circuit held that the district court retained jurisdiction over a

18  claim of ineffective assistance of counsel based upon counsel's failure to file a timely petition

19  for review of the BIA's decision. The court reasoned that such a claim "cannot be construed

20  as seeking judicial review of a final order of removal" because petitioner's "only remedy would

21  be the restarting of the thirty-day period for the filing of a petition for review with [the court of

22  appeals]. In other words, a successful habeas petition in this case will lead to nothing more

23  than 'a day in court' for [the petitioner]." <u>Singh</u>, 499 F.3d at 979.

24      Unlike <u>Singh</u>, it appears that Petitioner essentially seeks reversal of his removal order.

25  Because Petitioner's claim does not fall within the exception to the REAL ID Act, this Court

26  lacks jurisdiction over the petition. <u>See Mejia-Espinoza v. Mukasey</u>, 2009 U.S. Dist. LEXIS

27  127321, 2009 WL 235625, *3 & n.2 (C.D.Cal. 2009) (holding that the district court lacked

28  jurisdiction under the REAL ID Act where the petitioners sought to enjoin the government from

1   executing their removal order while their motion to reopen is pending before the BIA because

2   such relief would require the district court to review their final removal orders).

3          Accordingly the Motion to Dismiss is hereby granted, and the Petition is dismissed for

4   lack of jurisdiction.

5                                          **ORDER**

6          Accordingly, IT IS HEREBY ORDERED that:

7          1. The Motion to Dismiss is GRANTED;

8          2. The Petition for Writ of Habeas Corpus is hereby DISMISSED for lack of

9          jurisdiction; and

10         3. The Clerk of Court is DIRECTED to enter judgment.

11

12

13

14  IT IS SO ORDERED.

15  Dated:    September 7, 2011          /s/ *Michael J. Seng*
16                                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28