# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSSATTY GILBERTO G., | 1:11-cv-00273 MJS HC |
|     Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. 6] |
| ERIC H. HOLDER, JR., | |
|     Respondent. | |

    Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

    It appears from the petition that Petitioner was ordered removed from the United States to the country of Guatemala. (Pet. at 1, ECF No. 1) In his Petition, Petitioner is challenging both the denial of relief from removability pursuant to former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), and his eligibility for a bond hearing before an Immigration Judge pursuant to Casas-Castrillon v. Dept. Of Homeland Security, 535 F.3d 942 (9th Cir. 2008).

    The Court lacks jurisdiction to review this petition under the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231 (May 11, 2005). Pursuant to the REAL ID Act, judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals, and the district courts no longer have jurisdiction to review such orders. Therefore, the exclusive means of asserting a challenge to a final order of removal and matters dependent

1 thereon, is to file a petition for review in the appropriate court of appeals. 8 U.S.C. § 1252(a)(5)
2 ("a petition for review filed with an appropriate court of appeals in accordance with this section
3 shall be the sole and exclusive means for judicial review of an order of removal entered or
4 issued under any provision of this chapter...."); Garcia de Rincon v. Dep't of Homeland Sec.,
5 539 F.3d 1133, 1140 (9th Cir. 2008) ("RIDA amended § 1252(b)(9) of the INA to vest the
6 circuit courts with exclusive habeas jurisdiction over petitions challenging final orders of
7 removal."); see also 8 U.S.C. § 1252(g) ("Except as provided in this section and
8 notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause
9 or claim by or on behalf of any alien arising from the decision or action by the Attorney General
10 to commence proceedings, adjudicate cases, or execute removal orders against any alien
11 under this chapter.").

12 Although the REAL ID Act eliminated district court habeas corpus jurisdiction over
13 orders of removal, "the REAL ID Act's jurisdiction stripping provisions ... do[ ] not apply [if the]
14 claim is not a direct challenge to an order of removal." Puri v. Gonzales, 464 F.3d 1038, 1041
15 (9th Cir. 2006); see also Singh v. Gonzales, 499 F.3d 969, 979 (9th Cir. 2007) (holding that
16 "both §§ 1252(a)(5) and 1252(b)(9) apply only to those claims seeking judicial review of orders
17 of removal"). In Singh, the Ninth Circuit held that the district court retained jurisdiction over a
18 claim of ineffective assistance of counsel based upon counsel's failure to file a timely petition
19 for review of the BIA's decision. The court reasoned that such a claim "cannot be construed
20 as seeking judicial review of a final order of removal" because petitioner's "only remedy would
21 be the restarting of the thirty-day period for the filing of a petition for review with [the court of
22 appeals]. In other words, a successful habeas petition in this case will lead to nothing more
23 than 'a day in court' for [the petitioner]." Singh, 499 F.3d at 979.

24 Unlike Singh, it appears that Petitioner essentially seeks reversal of his removal order.
25 Because Petitioner's claim does not fall within the exception to the REAL ID Act, this Court
26 lacks jurisdiction over the petition. See Mejia-Espinoza v. Mukasey, 2009 U.S. Dist. LEXIS
27 127321, 2009 WL 235625, *3 & n.2 (C.D.Cal. 2009) (holding that the district court lacked
28 jurisdiction under the REAL ID Act where the petitioners sought to enjoin the government from

executing their removal order while their motion to reopen is pending before the BIA because such relief would require the district court to review their final removal orders).

Accordingly the Motion to Dismiss is hereby granted, and the Petition is dismissed for lack of jurisdiction.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Motion to Dismiss is GRANTED;

2. The Petition for Writ of Habeas Corpus is hereby DISMISSED for lack of jurisdiction; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   September 7, 2011            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE